IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JESUS S. MELENDEZ,

        Plaintiff,

        vs.                           Case No. 08-1094-JTM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

MEMORANDUM AND ORDER

Presently before this court is plaintiff Jesus Melendez's (Melendez) petition for review of a final decision of the Commissioner of Social Security (Dkt. No. 9). For the following reasons, this court denies the appeal and affirms the decision of the Administrative Law Judge (ALJ).

I.  Background

On June 3, 2004, Melendez filed an application for disability insurance benefits (DIB), which was denied initially and on reconsideration. After a hearing, ALJ Susan B. Blancy found that Melendez was disabled from April 16, 2001, through November 10, 2002. On December 6, 2005, the Appeals Council granted Melendez's request for review, and remanded the case to ALJ Blancy to reconsider the end of Melendez's disability period. Following a hearing on June 29, 2007, ALJ Blancy found that Melendez was disabled through May 23, 2003. The Appeals Council denied Melendez's request for review, thus rendering the ALJ's decision final. Melendez then timely filed a complaint with this court.

Melendez claims that the ALJ improperly determined that he did not meet or equal Listing 1.04A (disorders of the spine) *after* May 23, 2003. Specifically, Melendez claims that

ALJ Blancy incorrectly found that he does not have a presumptively disability impairment on or after May 23, 2003. Melendez claims that ALJ Blancy erred by relying on the medical advisor (MA), who allegedly failed to cite medical evidence. Melendez argues that the ALJ has a basic misunderstanding of the legally required standard for evaluating medical impairments at step three of the sequential evaluation process, particularly with regard to equivalency determinations.

The medical evidence and hearing testimony are fully set forth in the ALJ's decision, which is incorporated herein. To summarize briefly, Melendez alleges disability since April 16, 2001, based on back pain and status post anterior and posterior fusion of L4-S1. At the time of the alleged onset, Melendez was 26 years old, and had an 11th grade equivalent education in Mexico. Melendez previously worked as a dairy farm milker and laborer.

The ALJ concluded that Melendez was under a disability from November 11, 2002 through May 23, 2003, but does not have a "presumptively disabling impairment which meets or equals in severity the clinical criteria of an impairment listed in Appendix 1, Subpart P to Regulation No. 4, as his doctor released him to return to work [after May 23, 2003]." (Tr. 48). Further, the ALJ found that the information was supported by the medical expert's credible testimony.

The ALJ found that Melendez had the following residual functional capacity (RFC):

> claimant cannot read and write English. He can understand very simple English spoken, but not all. He has an 11th grade education in Mexico. Claimant can lift 20 pounds occasionally and 10 pounds frequently. He requires a sit/stand option, meaning he can stand one hour and then must sit 15 to 20 minutes. He has no sitting and standing limits otherwise. Claimant cannot perform repetitive lifting below the waist, but can lift occasionally above the waist. No bending, crouching, crawling or stooping should be a part of his duties, with "stooping" meaning bending forward and downward reaching to the ground. Claimant can kneel down without bending forward, but less than occasionally. He cannot climb ladders or scaffolds as a regular

2

part of his job duties.  Claimant should not work around moving machinery or at heights.  Also, he should not use forceful foot controls, as with heavy equipment.

(Tr. 50).  The ALJ found that although Melendez could not perform any of his past relevant work and had no transferable skills, he could perform unskilled light work, such as a microfilm mounter, sealing and canceling machine operator, and marker, and unskilled sedentary work, such as a weight tester and egg processor (TR 50-51).

## II.  Legal Standard

This court's review is guided by the Social Security Act, which provides, in part, that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Accordingly, the court must determine whether the factual findings of the Commissioner are supported by substantial evidence in the record  and whether the ALJ applied the correct legal standard.  *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion.  *Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994); *Gossett v. Bowen*, 862 F.2d 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *White*, 287 F.3d at 905 (quoting *Casias v. Sec'y of Health and Human Serv.*, 933 F.2d 799, 800 (10th Cir. 1991)).

An individual is under a disability only if that individual can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."  *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

The impairment must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience. *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005).

Pursuant to the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); 20 C.F.R. § 404.1520(a) (2003). The steps are followed in order, and if it is determined that the claimant is or is not disabled at a step of the evaluation process, evaluation under a subsequent step is unnecessary.

The first three steps require the Commissioner to assess whether claimant has engaged in substantial gainful activity since the alleged onset of the disability, whether she has severe impairments, and whether the severity of her impairments meets or equals a specific list of impairments. *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (RFC), which is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 416.920(e).

Upon assessing the claimant's RFC, the Commissioner can then move on to steps four and five, which require assessing whether the claimant can perform her past relevant work and whether she can generally perform other work in the national economy. *Williams*, 844 F.2d at 751. The claimant bears the burden throughout steps one through four to prove a disability that prevents performance of past relevant work. *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001). The burden then shifts to the Commissioner at step five to show other jobs in the national

economy that are within the claimant's capacity to perform.  *Haddock v. Apfel*, 196 F.3d 1084,

1088 (10th Cir. 1999).

### III.  Analysis

In this case, Melendez argues that the ALJ erred in finding that he does not meet or equal

the requirements of Listing 1.04A after May 23, 2003.  At step three of the Commissioner's five-

step evaluation process, the claimant "has the burden . . . of demonstrating, through medical

evidence, that [his] impairments 'meet all of the specified medical criteria' contained in a

particular listing."  *Buck v. Barnhart*, 238 F.Supp.2d 1255, 1256 (D. Kan. 2002)(quoting *Sullivan*

*v. Zebley*, 493 U.S. 521, 530 (1990)).  The listings "streamlin[e] the decision process by

identifying those claimants whose medical impairments are so severe that it is likely they would

be found disabled regardless of their vocational background." *Bowen v. Yuckert*, 482 U.S. 137,

153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987)**.** The listings are not to be read expansively, thus

creating a high burden for the claimant.  *See Fritzson v. Astrue*, No. 07-4137, 2009 WL 801796,

*5 (D. Kan. Mar. 25, 2009).

In finding that Melendez's lower back impairment did not meet Listing 1.04A after May

23, 2003, the ALJ relied on all the objective medical evidence, as well as the testimony of

orthopedic specialist Malcom A. Brahms, M.D.  The ALJ also properly noted that Melendez

failed to consistently seek treatment for his lower back impairment after May 23, 2003, and that

the small amount of evidence that Melendez did submit dated after May 23, 2003 showed that his

lower back impairment was actually improving.  Further, the x-rays of Melendez's lower back

were negative for nerve root compression - a threshold requirement for meeting Listing 1.04A.

*See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.  Finally, the Commissioner details several

other sources, doctors, tests and evidence that substantially supports the conclusion of the ALJ.

      Based on the legal standard detailed above, this court does not find error in the ALJ's

findings.  Contrary to Melendez's assertions, the ALJ relied on several sources at step three, and

her decision is supported by substantial evidence.

      Melendez also briefly contends that the ALJ erred in not fully crediting his symptoms.

Because the ALJ is "optimally positioned to observe and assess witness credibility," the court

may only overturn an ALJ credibility determination when there is a conspicuous absence of

credible evidence to support it.  *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996).  Further,

"[a] claimant's subjective allegation of pain is not sufficient in itself to establish disability."

*Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993).  Rather, "[b]efore the ALJ need

even consider any subjective evidence of pain, the claimant must first prove by objective medical

evidence the existence of a pain-producing impairment that could reasonably be expected to

produce the alleged disabling pain."  *Id.* (citations omitted).  Based on that standard, this court

does not find error in the ALJ's findings.

      In sum, the ALJ's finding is supported by substantial evidence in the record, and the

decision is hereby affirmed.

IT IS ACCORDINGLY ORDERED this 7th day of April, 2009, that the present appeal is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE